IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DUSTIN BLACKBURN                                                                                    PLAINTIFF

      v.                              Civil No. 14-3023

JASON DAY, Jail Administrator,
Boone County Detention Center;
SHERIFF MOORE, Boone County,
Arkansas                                                                                                          DEFENDANTS

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is proceeding *in forma pauperis* (IFP) and *pro se*. Plaintiff filed this civil rights lawsuit pursuant to the provisions of 42 U.S.C. § 1983.

When Plaintiff filed this lawsuit, he was incarcerated at the Boone County Detention Center (BCDC). He was specifically advised that he had an obligation to keep the Court informed of any changes in his address (Doc. 3). Mail was returned to the Court as undeliverable on March 21, 2014. Court staff were able to obtain the home address Plaintiff had provided to the BCDC when he was booked in. A change of address was entered on Plaintiff's behalf (Doc. 6) and all mail returned as undeliverable was resent.

On June 2, 2014, the Defendants filed a Motion to Dismiss (Doc. 14). Defendants' Motion is based on their inability to serve discovery requests, motions, and correspondence on the Plaintiff. Defendants indicate that since April 22, 2014, they have received all documents mailed to the Plaintiff at the address listed on the docket sheet back marked "return to sender,"

"no such number," and "unable to forward." Defendants state the Plaintiff's whereabouts are unknown.

Plaintiff has not provided the Court with an updated address. The last document the Plaintiff filed with the Court was a supplement to the complaint filed on March 4, 2014.

Plaintiff has not responded to the motion to dismiss. Plaintiff has not communicated with the Court in anyway.

I therefore recommend that the Motion to Dismiss (Doc. 14) be granted and this case dismissed based on Plaintiff's failure to obey an order of the Court and his failure to prosecute this case.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE